08-0045-ag
Chen v. Holder

BIA
Ferris, IJ
A073 488 658

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of April, two thousand ten.

PRESENT:
            DENNIS JACOBS,
                    *Chief Judge,*
            GUIDO CALABRESI,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

_____

HONG YUE CHEN,
            *Petitioner,*

            v.                                    08-0045-ag
                                                  NAC
ERIC H. HOLDER, JR.,* UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

_____

    * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**       Peter D. Lobel, New York, New York.

**FOR RESPONDENT:**       Gregory G. Katsas, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Gregory M. Kelch, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hong Yue Chen, a native and citizen of the People's Republic of China, seeks review of a December 7, 2007 order of the BIA affirming the December 8, 2005 decision of Immigration Judge ("IJ") Noel Ferris, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Yue Chen*, No. A073 488 658 (B.I.A. Dec. 7, 2007), *aff'g* No. A073 488 658 (Immig. Ct. N.Y. City Dec. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

2

The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

**I.   Past Persecution: Adverse Credibility**

We find no error in the agency's adverse credibility determination. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (finding that an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding).

The IJ reasonably relied on inconsistencies between [i] Chen's testimony and [ii] the record of her airport interview in which she stated she was not married, had no children, and never mentioned suffering a forced abortion. Notwithstanding Chen's argument, the record of the airport interview is reliable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004).

We defer to the IJ's determination that Chen's overall demeanor and her unresponsiveness undermined her credibility. *See Shu Wen Sun v. Board of Immigration Appeals*, 510 F.3d 377, 380-81 (2d Cir. 2007); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). To the extent that Chen offered explanations for these discrepancies, the

3

IJ was not compelled to credit them.  *See Majidi*, 430 F.3d at 80-81.

We need not consider the additional credibility findings because the findings discussed above were adequate support for the adverse credibility finding.  *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 294 (2d Cir. 2006).  Because Chen's applications for withholding of removal and CAT relief were based on the same factual predicate as her asylum claim, those claims necessarily fail.  *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

**II.  Well-Founded Fear: Burden of Proof**

Substantial evidence supports the agency's finding that Chen failed to demonstrate a well-founded fear that she would be sterilized in China based on the birth of her three children (two of whom are U.S. citizens).  This argument is largely foreclosed by our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008).  Chen argues that the agency failed to consider adequately the evidence she presented; but we "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen v. US Dep't.*

4

*Of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) Chen advances no argument that would compel the conclusion that the IJ ignored any of the evidence she submitted.

Chen's argument concerning the Aird Affidavit is unexhausted. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). In any event, the BIA and this Court have considered similar versions of the Aird Affidavit, time and again finding it "inadequate to establish the existence of an official policy of forced sterilization . . . and thus insufficient to show that the applicants were likely to face forced sterilization if returned to China." *See Jin Xiu Chen v. U.S. Dep't of Justice*, 468 F.3d 109, 110 (2d Cir. 2006).

**III.    Due Process**

Chen argues that the IJ's conduct was prejudicial and denied her a fair hearing. However, Chen does not demonstrate that the IJ's conduct here in any way denied her a full and fair opportunity to present her claims. *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104-05 (2d Cir. 2006); *cf. Islam v. Gonzales,* 469 F.3d 53, 55-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
